**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMIEL JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:21-CV-121** |
| | ) | |
| **CO B.B. CLARKE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM ORDER**

This matter is presently before this Court on a motion for reconsideration. ECF No. 67.

**Procedural History**

This action was received by the Clerk of Court on April 13, 2021. The matter was referred to United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

On June 2, 2022, Judge Lanzillo issued a Report and Recommendation recommending that Defendant's motion for summary judgment be granted and Plaintiff's motions for summary judgment be denied. ECF No. 60. Thereafter, the undersigned, after reviewing all of Plaintiff's Objections, adopted the Report and Recommendation as the opinion on this Court. ECF No. 65.

Plaintiff now seeks reconsideration of that Order. ECF No. 67.

**Standard of Review**

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 671

1

(3d Cir. 1999). A motion for reconsideration under Federal Rule of Civil Procedure must therefore rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration is not properly ground in a request for a district court to rethink a decision it has already rightly or wrongly made. *Williams v. Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998). Litigants are cautioned to "evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Waye v. First Citizen's Nat'l Bank*, 846 F.Supp. 310, 314 n.3 (M.D. Pa. 1994). Requests for a "second bite of the apple" are not an appropriate basis for relief on a motion for reconsideration. *See, e.g., Bhatnagar v. Surrendra Overseas Ltd.,* 52 F.3d 1220, 1231 (3d Cir. 1995) ("Having failed in its first effort to persuade the court to dismiss on *forum non conveniens* grounds, Surrendra simply changed theories and tried again, contradicting its earlier evidence with its factual support for a new theory.").

**Plaintiff's Request for Reconsideration**

Plaintiff seeks reconsideration of the Order granting summary judgment in favor of Defendant. Additionally, Plaintiff wants this Court to allow him to file a brief in opposition to the Defendant's motion for summary judgment instead of the cross-motions for summary judgment he filed.[1] Plaintiff opines that his cross motions for summary judgment were

---

[1] As relief, Plaintiff "respectfully requests this honorable Court (unless it's "racist" (smile)) to provide the following relief: (i) reverse its order on final judgment to the Defendant pursuant to Fed.R.Civ.P. 58; (ii) grant the Plaintiff's accompanying motion for leave to amend cross motion for summary judgment pursuant to Fed.R.Civ.P. 15; (iii) grant the Plaintiff's motion in opposition to summary judgment pursuant to Fed.R.Civ.P. 56, or in the alternative, (iv) any other relief this Honorable Ct deems is appropriate." ECF No. 67, page 6.

"improper" and "defective" and contributed to judgment being entered against him. He believes that by filing a "motion in opposition" to the Defendant's summary judgment motion, the result will be in his favor.

This reasoning does not support a motion for reconsideration. Plaintiff believes that correcting his self-perceived procedural error in this case can change the result. This is akin to a second bite at the apple. This Court will not relitigate issues previously decided. Moreover, Plaintiff has had multiple opportunities to present his evidence regardless of how his motion or brief is titled. Judge Lanzillo's recommendation was based almost entirely on review of the video evidence in this excessive force case. He fully analyzed the *Whitley*[2] factors and found that "there was ample evidence to support a finding in [Defendant] Clarke's favor as to each of the *Whitley* factors." ECF No. 60, page 10. This Court reviewed **all** of Plaintiff's Objections, along with the complaint and documents and video evidence in the case, and adopted the Report and Recommendation. Reconsideration is not warranted.

AND NOW, this 6th day of September 2022;

IT IS ORDERED that Plaintiff's motion for reconsideration [ECF No. 67] is denied.

IT IS FURTHER ORDERED that Plaintiff's motion for leave to amend cross-motion for summary judgment [ECF No. 68] is denied.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

---

[2] *Whitley v. Albers*, 475 U.S. 312 (1986).